UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) ) No. 1:20-CR-00082-MSM-PAS |
| THOMAS ANDREOZZI,<br>Defendant. | ) ) ) ) ) |

# ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the defendant Thomas Andreozzi's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 40). Mr. Andreozzi seeks compassionate release based on alleged extraordinary and compelling reasons stemming from serious medical conditions that he claims have been deficiently treated during his imprisonment at the Bureau of Prisons ("BOP"). *Id.* at 1. The United States opposes his Motion, asserting that his medical records show that Mr. Andreozzi "is doing well for a man of his age and has no serious medical issues," and that his care at FCI Danbury has been sufficient. (ECF No. 43 at 1). For the following reasons, the Court DENIES Mr. Andreozzi's Motion.

"Under the compassionate release statute, a court may reduce a term of imprisonment if certain criteria are met and if the defendant has exhausted administrative remedies at the BOP." *United States v. Burgos-Montes*, 142 F.4th 48, 57 (1st Cir. 2025) (citing 18 U.S.C. § 3582(c)(1)(A)). The government concedes that

Mr. Andreozzi has exhausted his administrative remedies. (ECF No. 43 at 2.) As such, the Court turns to the merits of Mr. Andreozzi's Motion.

"In evaluating a compassionate release motion, the district court engages in a multi-step inquiry." *Id.* First, the court must determine if the defendant "is eligible for compassionate release by assessing (1) if the defendant has presented 'extraordinary and compelling reasons warrant[ing] such a [sentence] reduction,' and (2) whether the sentence reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)). Next, "[i]f the defendant is eligible for compassionate release under these two criteria, the district court then considers the relevant § 3553(a) sentencing factors and 'determine[s] whether, in its discretion, the [sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021)). "The defendant bears the burden of proving that their circumstances qualify for early release." *United States v. Sepulveda*, 762 F. Supp. 3d 153, 157 (D.R.I. 2025) (citing *United States v. Rivera-Rodriguez*, 75 F.4th 1, 18 (1st Cir. 2023)).

Here, as an extraordinary and compelling reason warranting compassionate release, Mr. Andreozzi cites medical issues that he asserts indicate a "high likelihood" that he may have cancer. (ECF No. 40 at 9–10). Mr. Andreozzi further alleges that BOP's medical care in treating his possible cancer has been deficient, particularly with respect to its failure to provide the necessary diagnostic procedures. *Id.* at 10–14. But the United States has submitted documents showing that, after Mr.

2

Andreozzi filed his Motion, BOP referred him for a biopsy in September 2025 that confirmed that he does not have prostate cancer. *See* ECF Nos. 43 at 4; 45 at 117–122.

And while Mr. Andreozzi, who is sixty-four years old, also asserts in his motion that he suffers from Chronic Obstructive Pulmonary Disease and severe arthritis, *see* ECF No. 40 at 1, he does not explain how these conditions amount to an extraordinary and compelling reason warranting compassionate release. *See United States v. Saccoccia*, 10 F.4th 1, 5 (1st Cir. 2021) ("Health concerns are not uncommon among people in their sixties, but not every complex of health concerns is sufficient to warrant compassionate release."). Mr. Andreozzi does not argue that either of these conditions "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility" or "requires long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B), (C); *see also Saccoccia*, 10 F.4th at 5 (affirming a district court's finding that a defendant's claimed "amalgam of diagnosed chronic condition," including hypertension and hyperlipidemia, did not rise to the level of extraordinary and compelling circumstances within the plain meaning of 18 U.S.C. § 3582(c)(1)(A)).

As such, Mr. Andreozzi has not met his burden of proving that presenting the Court with extraordinary and compelling reasons warranting compassionate release. Therefore, for the foregoing reasons, the Court DENIES Mr. Andreozzi's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 40).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

December 15, 2025